IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VICTOR ANTONIO CERVANTES,<br>aka ROBERTO CERVANTES ESTEVA,<br><br>    Defendant. | Case No. 6:12-cr-00400-AA<br><br>OPINION AND ORDER |

AIKEN, Chief Judge:

Defendant seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines (USSG). Defendant's motion is denied.

**DISCUSSION**

On September 6, 2012, defendant was convicted of possession with intent to distribute five grams or more of methamphetamine. Under the USSG, his total offense level was 29 (after credit for

1   - OPINION AND ORDER

acceptance of responsibility) and his criminal history category was III, resulting in a guideline sentencing range of 108 to 135 months. However, the court granted defendant's request for a sentence outside the advisory guideline range and imposed a sentence of 72 months; this sentence corresponds with an offense level of 24 or 25.

Amendment 782 reduces most base offense levels on the § 2D1.1 Drug Quantity Table by two levels, and Amendment 788 authorized retroactive application of Amendment 782. Application of Amendment 782 reduces defendant's total offense level from 29 to 27, with an amended guideline range of 87-108 months. Defendant argues that he is eligible for an additional four-level reduction to account for the downward variance the court allowed at sentencing. With an additional four-level reduction, defendant's offense level would be 23 and the guideline sentencing range would be 57-71 months. Defendant requests a sentence of 60 months, the statutory minimum sentence.

The government opposes defendant's motion, because his 72-month original sentence is already below the amended guideline range of 87-108 months. Under USSG § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." USSG § 1B1.10(b)(2)(A);

see also id. at n. 3. Under 18 U.S.C. § 3582(c)(2), a reduction in sentence is permitted only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." See also Dillon v. United States, 560 U.S. 817, 821 (2010) ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."). Thus, defendant's request is inconsistent with USSG § 1B1.10(b)(2), and the court lacks the authority to grant the reduction in sentence sought by defendant. See United States v. Parker, 617 Fed. Appx. 806, 807 (9th Cir. Sept. 25, 2015) ("The district court properly concluded that Parker is ineligible for a sentence reduction because her sentence is already below the amended Guidelines range, and the government did not file a motion for substantial assistance.")[1]; United States v. Munguia-Diaz, 606 Fed. Appx. 385, 386 (9th Cir. June 30, 2015) ("Because Munguia-Diaz's 144-month sentence is lower than the bottom of the new sentencing range, he is not eligible for a reduction" under Amendment 782).

Defendant nevertheless argues that § 1B1.10(b)(2) violates the Equal Protection Clause by denying defendants who received downward variances from obtaining the benefit of Amendment 782, thus treating them differently from defendants who did not receive downward variances. Defendant argues that no rational basis supports this distinction, as the Sentencing Commission is

---

[1] Defendant's request does not does not fall under the substantial assistance exception. USSG § 1B1.10(b)(2)(B).

essentially allowing "more dangerous and less deserving" offenders to gain the "full" benefit of Amendment 782. Def.'s Am. Mot. 6 (doc. 33). I disagree.

Defendant's argument rests on two presumptions, neither of which is accurate or supported by the record. First, defendant assumes that all other defendants who did not receive downward variances at their original sentencing hearings are "more dangerous" than defendants who did. However, defendant presents no evidence or data to support this rather broad assertion; indeed, many factors may influence a judge's decision to impose a downward variance, including the circumstances and seriousness of the offense, adequate deterrence, and the need for education training, medical care, or other treatment. See 18 U.S.C. § 3553(a). Second, defendant's argument and ultimate request for a 60-month sentence assumes that the court would have granted the exact same level of downward variance had defendant's total offense level been 27 instead of 29 at sentencing, an assumption that is not necessarily accurate.

Regardless, however, defendant's Equal Protection argument fails for the simple reason that a rational basis exists to support the policy articulated in § 1B1.10(b)(2)(A). See United States v. Navarro, 800 F.3d 1104, 1113 (9th Cir. 2015) ("When the Commission enacts Guidelines treating one class of offenders differently from another, equal protection generally requires that the

classification be "rationally related to a legitimate government interest.").² Here, the reasons underlying § 1B1.10(b)(2)(A) - avoiding undue litigation and complexity, promoting uniformity in sentencing, and preventing an unintended windfall to defendants - survives rational basis scrutiny. United States v. Davis, 739 F.3d 1222, 1226 (9th Cir. 2014) (explaining reasons underlying § 1B1.10(b)(2)(A) when upholding the Sentencing Commission's authority to implement it). I find nothing unconstitutional about the Sentencing Commission's policy, particularly in this case where defendant's 72-month term of imprisonment remains well below the amended guideline range of 87-108 months.

Accordingly, defendant's amended motion for reduction of sentence (doc. 33) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of December, 2015.

_____
Ann Aiken
United States District Judge

---

²I find that the appropriate level of scrutiny is rational basis; defendant does not have a fundamental right to a lower sentence in this circumstance and he does not identify a suspect classification. Dillon, 560 U.S. at 828; United States v. Johnson, 626 F.3d 1085, 1088 (9th Cir. 2010) (applying rational basis standard "to equal protection challenges to the Sentencing Guidelines based on a comparison of allegedly disparate sentences").